**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**SYLVESTER BUSH,
3342 Highwood Drive, SE
Washington, DC 20020
(202) 575-1004**

    **Plaintiff**

             **CIVIL ACTION NO. 13-1706**

**v.**

**EXPERIAN INFORMATION SOLUTIONS, INC.**

**SERVE: CT Corporation System, Registered Agent
    1015 15th Street, NW
    Suite 1000
    Washington, D.C. 20005
and**

**TRANS UNION, LLC.**

**SERVE: Corporation Service Company, Registered Agent
    1090 Vermont Avenue NW
    Washington, DC 20005**

**and**

**AARGON AGENCY, INC.,**

**SERVE: Corporation Service Company, Registered Agent
    1090 Vermont Avenue NW
    Washington, DC 20005**

    **Defendants**

## <u>COMPLAINT</u>

   COMES NOW the Plaintiff, SYLVESTER BUSH, (hereafter collectively the "Plaintiff")

by counsel, and for his complaint against the Defendants, alleges as follows:

PRELIMINARY STATEMENT

1.      This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act) and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1682 et seq.

JURISDICTION

2.      The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1367. Venue is proper as all relevant events occurred in this District.

PARTIES

3.      The Plaintiff is a natural person and resident of the State of Virginia.  He is a "consumer" as defined by 15 U.S.C. §1681a(c).

4.      Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a corporation authorized to do business in the District of Columbia.

5.      Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).  Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6.      Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

7.      Upon information and belief, TRANS UNION, LLC. ("Trans Union") is a corporation authorized to do business in the District of Columbia.

8.      Upon information and belief, Trans Union is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).  Upon information and belief, Trans Union is regularly engaged

in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9.      Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

10.     Upon information and belief, AARGON AGENCY, INC., is a Nevada corporation doing business in the District of Columbia as a debt collector and "furnisher" as governed by the FCRA.

FACTS

11.     Prior to, on or about July 19, 2013, Plaintiff attempted to deposit a check into his bank account and was advised that the bank would require a nine day hold on his check based on information reported on his credit report.

12.     On or about July 26, 2013 Plaintiff obtained a copy of his credit reports with Equifax, Experian and Trans Union and learned that each were reporting a collection by Defendant, Aargon Agency, Inc. (herein after "Aargon") on behalf of George Washington University Hospital for which Plaintiff was not responsible and was reporting an address in Capitol Heights, MD.  Plaintiff did not have any outstanding accounts with George Washington University Hospital, the last time he was treated by George Washington University Hospital was 2006.  In addition, Plaintiff has never lived at the address reported in Capitol Heights, MD.

13.     On or about August 12, 2013, Plaintiff disputed the inaccurate information concerning the Aargon collection account.  He advised the Defendants that he was not the person that incurred the charges at George Washington University Hospital and that the hospital billing department apparently mixed his account with other Sylvester Bush that received the recent treatment. (the "Aargon Reporting").

14.     The Aargon Reporting was false.  The Plaintiff was not responsible for any outstanding accounts with George Washington University Hospital for which Aargon was attempting to collect.

15.     On August 19, 2013 Equifax responded to Plaintiff's August 12, 2013 dispute by acknowledging notice of same and advising Plaintiff that Equifax had deleted the erroneous address from his credit file and that the disputed account of Aargon Agency, Inc. was not reporting on Equifax credit file.

16.     On August 21, 2013, Trans Union responded to Plaintiff's August 12, 2013 dispute with its investigation results as "verified, no change" and continued to report the collection account.

17.     On August 23, 2013 Experian responded to Plaintiff's April 13, 2012 dispute with its investigation results as "remains" and continued to report the collection account.

18.     Defendants each received, but ignored the Plaintiff's dispute letters and did refuse to delete the inaccurate information regarding the account from the Plaintiff's credit file.

19.     Defendants each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit same.

20.     After receiving Plaintiff's notices of the inaccuracies and within the two years preceding the filing of this action, Experian and Trans Union each prepared and published to third parties multiple inaccurate consumer reports about Plaintiff which contained the inaccurate derogatory accounts.

21.     Upon information and belief, Plaintiff alleges that on one or more occasions Experian and Trans Union each forwarded Plaintiff's disputes to Aargon.  Upon information and belief, Aargon was provided notice of Plaintiff's disputes and despite this notice, each failed and refused to investigate and correct its inaccurate reporting.

**COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681e(b)**
**(EXPERIAN and TRANS UNION)**

22.     The Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set out herein.

23.     Defendants, Experian and Trans Union each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintains concerning the Plaintiff.

24.     As a result of the conduct, actions and inactions of each of the Defendants the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Mr. Bush's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

25.   Experian and Trans Union's conduct, actions and inactions were willful, rendering each of the Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, the Defendants were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

26.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from each of the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT**
**§15 U.S.C. 1681i(a)(1)**
**(EXPERIAN and TRANS UNION)**

27.     Plaintiff realleges and incorporates paragraphs 1 through 26 above as if fully set out herein.

28.   Defendants, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

29.   As a result of the conduct, actions and inactions of Defendants, Experian and Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Mr. Bush's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

30.   Defendants, Experian and Trans Union's conduct, actions and inactions were willful, rendering Defendants, Experian and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.   In the alternative, Defendants, Experian and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

31.   The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT THREE:  VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(2)(A)
### (EXPERIAN and TRANS UNION)

32.   Plaintiff realleges and incorporates paragraphs 1 through 31 above as if fully set out herein.

33.   Defendants, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(2)(A) on multiple occasions by failing to provide AARGON with all the relevant information regarding Mr. Bush's disputes.

34.     As a result of the conduct, actions and inactions of Defendants, Experian and Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Mr. Bush's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

35.     Defendants, Experian and Trans Union's conduct, actions and inactions were willful, rendering Defendants, Experian and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.   In the alternative, Defendants, Experian and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

36.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(4)
### (EXPERIAN and TRANS UNION)

37.     Plaintiff realleges and incorporates paragraphs 1 through 36 above as if fully set out herein.

38.     Defendants, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

39.     As a result of the conduct, actions and inactions of Defendants, Experian and Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Mr. Bush's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

40.     Defendants, Experian and Trans Union's conduct, actions and inactions were willful, rendering Defendants, Experian and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.   In the alternative, Defendants, Experian and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

41.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(5)(A)
### (EXPERIAN and TRANS UNION)

42.     Plaintiff realleges and incorporates paragraphs 1 through 41 above as if fully set out herein.

43.     Defendants, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

44.     As a result of the conduct, actions and inactions of Defendants, Experian and Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Mr. Bush's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

45.     Defendants, Experian and Trans Union's conduct, actions and inactions were willful, rendering Defendants, Experian and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.   In the alternative,

Defendants, Experian and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

46.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(5)(C)
### (EXPERIAN and TRANS UNION)

47.     Plaintiff realleges and incorporates paragraphs 1 through 46 above as if fully set out herein.

48.     Defendants, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(5)(C) on multiple occasions by failing to maintain procedures designed to prevent the reappearance of deleted inaccurate information in Plaintiff's credit file.

49.     As a result of the conduct, actions and inactions of Defendants, Experian and Trans Union, the Plaintiff suffered damages.

50.     Defendants, Experian and Trans Union's conduct, actions and inactions were willful, rendering Defendants, Experian and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.   In the alternative, Defendants, Experian and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

51.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681s-2(b) (1)(A)**
**(AARGON)**

52.    Plaintiff realleges and incorporates paragraphs 1 through 51 above as if fully set out herein.

53.    On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, AARGON violated 15 U.S.C. §1681s-2(1)(A) by failing to fully and properly investigate Mr. Bush's disputes.

54.    When Mr. Bush mailed his disputes to the consumer reporting agencies, they use a dispute system named "e-Oscar", which has been adopted by the credit reporting agencies and their furnisher customers such as AARGON.  It is an automated system and the procedures used by the CRA's are systemic and uniform.

55.    When Experian and Trans Union receive a consumer dispute, it (usually via an Indian outsourse vendor), translates the dispute into an "ACDV" form.

56.    The ACDV Form is the method by which AARGON has elected to receive consumer dispute pursuant to 15 U.S.C. §1681i(1).

57.    It is extremely rare – certainly less than 1% of the time – that AARGON will receive a consumer's dispute sent through the CRA's other than through the e-Oscar system.

58.    On information and belief, Mr. Bush alleges that to date AARGON has never complained to the CRA's about the amount of information it receives regarding a consumer dispute through the e-Oscar system or through ACDVs.

59.    When AARGON receives a consumer dispute ACDV form, it is aware that it may also contact the CRA that sent it to obtain more information regarding a consumer's dispute.

60.     Based on the manner in which Experian and Trans Union responded to Mr. Bush's disputes, representing that AARGON had "verified" the supposed accuracy of its reporting.  Mr. Bush alleges that Experian and Trans Union did in fact forward Mr. Bush's dispute via an ACDV to AARGON.

61.     AARGON understood the nature of Mr. Bush's dispute when it received the ACDV from Experian and Trans Union.

62.     When AARGON received the ACDV from Experian and Trans Union each as well could have reviewed its own system and determined that Mr. Bush did not incur the debt for which AARGON was attempting to collect.

63.     As a result of AARGON's violation of 15 U.S.C. §1681s-2(b)(1)(A), Mr. Bush suffered actual damages, including but not limited to:  loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

64.     The violations by AARGON were willful, rendering AARGON liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

65.      AARGON's conduct, actions and inactions were willful, rendering each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, AARGON was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

66.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from AARGON in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
15 U.S.C. §1681s-2(b) (1)(B)
(AARGON)**

67.     Plaintiff realleges and incorporates paragraphs 1 through 66 above as if fully set out herein.

68.     On one or more occasions within the two years prior to the filing of this suite, by example only and without limitation, AARGON violated 15 U.S.C. §1681s-2(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

69.     As Mr. Bush detailed in Count Seven, AARGON has elected to use the e-Oscar system for its FCRA disputes received through the CRAs.

70.     AARGON is aware of the meaning of the several dispute codes used by the CRAs in e-Oscar.

71.     As a result of AARGON's violation of 15 U.S.C. §1681s-2(b)(1)(A), Mr. Bush suffered actual damages, including but not limited to:  loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

72.     AARGON'S conduct, actions and inactions were willful, rendering AARGON liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, AARGON was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

73.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from AARGON in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT NINE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(C) and (D)
### (AARGON)

74.     Plaintiff realleges and incorporates paragraphs 1 through 73 above as if fully set out herein.

75.     On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, AARGON violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2b(1)(C) and (D) by publishing the AARGON reporting within Plaintiff's credit file with Experian and Trans Union without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

76.     As a result of AARGON's violation of 15 U.S.C. §1681s-2(b)(1)(C) and (D), Mr. Bush suffered actual damages, including but not limited to:  loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

77.     On information and belief, Mr. Bush alleges that the procedures followed regarding Mr. Bush's FCRA disputes through e-Oscar were the procedures that AARGON intended their employees or agents to follow.

78.     On information and belief, Mr. Bush alleges that AARGON's employees or agents did not make a mistake (in the way in which he or she followed AARGON's procedures) when he or she received, processed and responded to the Experian and Trans Union's ACDVs.

79.     AARGON's conduct, actions and inactions were willful, rendering each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, AARGON was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

80.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from AARGON in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT NINE: VIOLATION OF
### FAIR DEBT COLLECTION PRACTICES ACT
### (AARGON)

81.     Plaintiff realleges and incorporates paragraphs 1 through 80 above as if fully set out herein.

82.     By reporting the inaccurate information within Plaintiff's file, Aargon has violated 15 U.S.C. § 1692e(2)(A) and § 1692e(8) inasmuch as the Plaintiff was not liable for the debt that Aargon was attempting to collect.

84.     As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Your Plaintiff demands judgment for compensatory and statutory damages against the Defendants, jointly and severally; for her attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

**SYLVESTER BUSH,**

By_____/s/ Kristi Cahoon Kelly_____
Of Counsel

KRISTI CAHOON KELLY, (D.C. Bar No. 974872)
SUROVELL, ISAACS, PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400 – Telephone
(703) 591-9285 – Facsimile
Email: kkelly@siplfirm.com