## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SYLVESTER BUSH | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. 1:13-cv-01706-CRC |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., | ) | |
| TRANS UNION, LLC, | ) | |
| AARGON AGENCY, INC. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## AARGON AGENCY, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO SET ASIDE DEFAULT

### I.   INTRODUCTION

Although the decision to set aside an entry of default pursuant to Federal Rule of Civil Procedure, Rule 55(c) lies within the discretion of the trial court, "the D.C. Circuit has made clear that '[d]efault judgments are not favored by modern courts' . . . 'because entering and enforcing judgments as a penalty for delays in filing is often contrary to the fair administration of justice.'" *Estate of Gaither ex rel. Gaither v. District of Columbia,* 653 F. Supp.2d 35, 40 (D.D.C. 2009), *quoting Keegal v. Key West & Caribbean Trading Co., Inc.,* 627 F.2d 372, 373 (D.C.Cir. 1980) and *Int'l Painters and Allied Trades Union and Ins. Pension Fund v. H.W. Ellis Painting Co., Inc.,* 288 F.Supp.2d 22, 25 (D.D.C. 2003).   Consequently "[o]n a motion for relief from entry of default . . . , all doubts are resolved in favor of the party seeking relief." *Jackson v. Beech,* 636 F.2d 831, 836 (D.C.Cir. 1980).

Despite the "strong policies favoring the resolution of genuine disputes on their merits" (*Id.* at 835), Plaintiff has not only failed to consent to Defendant's Motion to Set Aside Default, brought a mere two weeks after entry of default, but has proceeded to file a fifteen page opposition speculating on what Aargon or its counsel, Mr. Richards, could have done differently, and now seeks to recover fees for obtaining the default, responding to the Show Cause Order and opposing this motion.  As demonstrated in Aargon's Brief and below, good cause exists to vacate the recently entered default and allow this matter to be decided on the merits.

## II. ARGUMENT

Federal Rule of Civil Procedure, Rule 55(c) allows this Court to vacate an entry of default for "good cause" shown.  In evaluating good cause, the Circuit Court has instructed that Courts should take the following factors into account:  (1) whether the default was willful, (2) whether a set-aside would prejudice the Plaintiff, and (3) whether the defaulting party has presented a meritorious defense.  *Shatsky v. Syrian Arab Republic*, 795 F.Supp.2d 79, 82 (D.D.C. 2011), *citing Keegel, supra,* at 373.    It is not necessary that all three factors be satisfied to vacate a default. *Shatsky, supra,* at 83.   However, in this instance each factor is present and supports vacating the default.

### A. There Is No Evidence That Aargon Willfully Defaulted And Its Attorney's Action or Inaction Cannot be Imputed to Aargon

Here, the evidence shows that Aargon intended to defend this action and contacted its outside counsel, Trent Richards, Esquire shortly after service of the Complaint on its registered agent, and that Mr. Richards immediately attempted to contact Plaintiff's counsel, Ms. Kelly, well in advance of the deadline to respond.  (DE 23-2, ¶¶   5-8; DE 21, p.1.)  Apparently the attorneys for both sides had difficulty contacting the other.  (DE 23-2, ¶¶ 5-8, DE 21-1, ¶¶ 3, 5-6, 9.)

While Plaintiff's counsel provided notice to Mr. Richards on the evening of March 19, 2014, that it would seek a default less than 48 hours later, there is nothing to indicate that Aargon was advised of this fact by Mr. Richards or anyone else.   Where there is nothing to indicate that Defendant knew it was in default, and construing the facts in the light most favorable to Aargon, there is nothing to support a finding that Aargon's default was willful.

Nor can the fact that Mr. Richards may not have acted as diligently as he could have, be used to find that Aargon's default was willful.

> In considering whether a defendant's default is willful, the D.C. Circuit has consistently cautioned that it is improper to "impute the conduct of the attorney to his clients." *Jackson,* 636 F.2d at 837. "Default judgments were not designed as a means of disciplining the bar at the expense of the litigants' day in court." *Id.* Accordingly, "on a motion to set aside a default or default judgment, 'courts have been reluctant to attribute to the parties the errors of their legal representatives.' " *Id.* (quoting *Barber v. Turberville,* 218 F.2d 34, 36 (D.C.Cir.1954)).

*Estate of Gaither, supra,* at 41.   In fact, the District of Columbia Circuit  has "made it clear that it is reversible error to hold a client liable for the errors of his counsel in evaluating a motion to set aside default." *Id.* at 42.

There is nothing to indicate that Aargon <u>itself</u> made a conscious, willful decision to default in this matter.  Rather, its actions demonstrate that it sought representation.  To the extent that the delay in retaining an attorney was caused by Mr. Richards, his actions are not sufficient to to find any default by Aargon willful, and good cause exists to set aside the default in this action.

> **B.  Plaintiff's Unsupported Claim That He Has Changed His Settlement Position With Other Parties In Reliance On Aargon's Default Does Not Constitute Prejudice**

Generally, delay alone does not constitute prejudice; rather prejudice to a plaintiff is shown by loss of evidence or difficulties in discovery.   *See, e.g. Shatsky, supra,* at 83; *H.W.*

*Ellis, supra,* at 31; and *Estate of Gaither, supra,* at 42.  None of these circumstances are present here, where the motion to vacate has been filed within two weeks of the entry of default, and a scheduling order allowing discovery to commence was issued only a week before Defendant moved to vacate the default.

Instead, Plaintiff's Opposition claims that he would be prejudiced if the entry of default is vacated because "he has taken settlement position with the other defendants based on Aargon's willful default . . . which would have been different if the Plaintiff anticipated the appearance of Aargon in the case." DE 25, at p. 12.  However, this bare statement in Plaintiff's Opposition is factually unsupported by any affidavit or further information as to how Aargon's default would affect the claims against the other Defendants.  Such vague, unsubstantiated claims of prejudice have been found unpersuasive to demonstrate prejudice in opposition to a motion to vacate a default.  *Estate of Gaither, supra* at 43 (Plaintiff's unspecified claims that she "made various strategic and tactical decision during discovery based on having secured a default," did not establish prejudice.)

Further, the claims against Aargon are separate and distinct from the claims against the other Defendants.  Plaintiff's Complaint alleges Counts One through Six against the credit reporting agencies, only.  These claims are based on violations of 15 U.S.C. §§ 1681e and i, for failing to establish reasonable procedures to insure the accuracy of their reports, to properly investigate disputed information, or note information as disputed, for failing to provide Aargon with adequate information regarding Plaintiff's dispute, and failing to delete or modify inaccurate information.  Where the claims against other settled-out defendants are different, "the Court cannot say that setting aside the default against the defendant would prejudice the plaintiff." *Creecy v. Kellibrew,* 292 F.R.D. 116, 119 (D.D.C. 2013).  To the extent that these

claims are factually related to Aargon, Aargon's records will provide evidence of what was requested and reported to the credit reporting agencies and will be relevant to the Plaintiff's claims against the remaining Defendants.

Plaintiff has failed to demonstrate any specific prejudice, and certainly not prejudice that would justify denying Defendant the opportunity to litigate this matter on the merits.   Good cause exists to vacate the default and allow this matter to be decided on the merits.

### C. Defendant's Verified Answer Sets  Forth Meritorious Defenses To This Action

Plaintiff's claim that Defendant has failed to assert a meritorious defense is incorrect.   As required by the Local Rules, Aargon attached a verified answer to its motion for relief from default.[1]   The answer clearly denies the factual underpinnings of Plaintiff's Complaint, and sets up meritorious defenses to Plaintiff's claims.

Counts Seven through Nine each assert that Aargon violated the provisions of 15 U.S.C. §1681s-2(b) of the Fair Credit Reporting Act.   This section provides that when a furnisher of information to Credit Reporting Agencies ("CRA") receives notice of a dispute from a CRA under 15 U.S.C. §1681i(a)(2), it must investigate the dispute, 15 U.S.C. § 1681s-2(b)(1)(A), review all relevant information provided by the CRA, 15 U.S.C. §1681s-2(b)(1)(B), report the results of the investigation to the CRA, 15 U.S.C. §1681s-2(b)(1)(C), if the investigation reveals the information reported was incorrect, report those results to all CRAs to whom the information had been furnished, 15 U.S.C. §1681s-2(b)(1)(D), and if the information disputed is found to be inaccurate, either modify, delete of block the reporting of that information. 15 U.S.C. §1681s-2(b)(1)(E)(i)-(iii).   These duties must be completed within 30 days of the furnisher's receipt of

---

[1] Upon review of the Answer in drafting this reply, counsel for Aargon realized that he had failed to include the "bona fide error" defense to Plaintiff's FDCPA claim.  Attached hereto is an amended verified answer, setting forth that affirmative defense.

the dispute.  15 U.S.C. §1681s-2(b)(2).   *See also, Mavilla v. Absolute Collection Service, Inc.,* 2013 WL 140046, * 6 (E.D.N.C.  Jan. 10, 2013).   Argon, in its original verified answer (DE 23-3, ¶ 21), and now subsequent amended answer (Exh. 1, ¶ 21), specifically  "avers that it promptly notified the credit reporting agencies of  the dispute and within fifteen (15) days of receiving notice, deleted the account from Plaintiff's credit report."  These facts demonstrate that Aargon complied with its duties under the FCRA, and provide a complete defense to those claims.

As now amended, Defendant's verified answer also asserts that if it did report inaccurate information to the credit bureaus such that its report operates as a violation of the Fair Debt Collection Practices Act, that error "was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures by Aargon reasonably adapted to avoid any such error, including justifiable reliance on the accuracy of the creditor's records."  (Exh.1, Third Affirmative Defense).   This is knows as the "bona fide error defense."  15 U.S.C. § 1692k(c).

> Debt collectors are not required to engage in independent investigations of all debts referred to them for collection. *Sayyed v. Wolpoff & Abramson, LLP,* 733 F.Supp.2d 635, 646 (D.Md.2010); *see also Jenkins v. Heintz,* 124 F.3d 824, 834 (7th Cir.1997) (refusing to require debt collector to "routinely investigate and evaluate the legal liability of the debtor for charges imposed by defendants' clients"). Furthermore, "a misrepresentation made by the debt collector solely as a result of inaccurate information provided by its client would be a *bona fide* error as defined under [the FDCPA]". *Sayyed,* 733 F.Supp.2d at 647 (citing *Smith v. Transworld Sys., Inc.,* 953 F.2d 1025, 1032 (6th Cir. 1992)).

*Yu v. Kevin B. Wilson Law Offices,* 919 F.Supp.2d 661, 664 (D.Md. 2013).

At this stage, Aargon need not prove its defenses.  *Whelan v. Abell,* 48 F.3d 1247, 1259 (D.C.Cir. 1995).  Instead, "[d]efendants' allegations are meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense . . . A meritorious defense is 'extremely easy to present.'"  *Shatsky , supra,* at  84.   Aargon has provided facts that if

proven will constitute a complete defense, and this matter should be decided on the merits and the default set aside.

### D.  Plaintiff's Legally and Factually Unsupported Request For Attorney's Fees Should Be Denied

Perhaps realizing the weakness of his opposition, especially in light of the disfavor accorded defaults, Plaintiff suggests that if this Court vacates the default, Plaintiff's counsel should be awarded fees of $3,500.00 for filing a formulaic nine paragraph Request for Entry of Default (DE 17), and a very similar and repetitive seven page Response to Show Cause Order (DE 21), and for filing what would be a losing opposition brief.

Defendant should not be penalized for Plaintiff's counsel's decision to draft fifteen page brief in response to a straightforward four page motion and brief.  Nor should this Court consider this claim for fees, where Plaintiff has provided no citation to any legal authority for the fees, much less any evidence as to how these fees were calculated.

## III.  CONCLUSION

Good cause to vacate the Clerk's entry of default exists, and for the reasons set forth herein, and in its opening brief, Defendant Aargon Agency, Inc. respectfully requests that this Honorable Court exercise its discretion and vacate the default in this matter.

THE LAW OFFICES OF RONALD S. CANTER, LLC

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
Bar No. 321257
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone:  (301) 424-7490
Facsimile:   (301) 424-7470
E-Mail:  rcanter@roncanterllc.com
*Attorney for Defendant Aargon Agency, Inc.*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by Electronic Notification pursuant to ECF procedures on this 23rd day of April, 2014 to:

Edward M. Wenger, Esquire
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Email: emwenger@jonesday.com
*Attorney for Experian Information Solutions, Inc.*

Kristi Cahoon Kelly, Esquire
Kelly & Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
E-Mail:  kkelly@kellyandcrandall.com

Leonard A. Bennett, Esquire
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Email: lenbennett@clalegal.com
*PRO HAC VICE*
*Attorneys for Plaintiff*

/s/ Ronald S. Canter
Ronald S. Canter , Esquire
*Attorney for Defendant Aargon Agency, Inc.*