UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SYLVESTER BUSH,<br><br>              Plaintiff,<br><br>              v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br>TRANS UNION, LLC,<br>AARGON AGENCY, INC.,<br><br>              Defendants. | Case No. 1:13-cv-01706 (CRC) |

## ORDER

Before the Court is Defendant's Motion to Set Aside Default [Dkt. No. 23]. Upon consideration of the motion, and the opposition and reply thereto, the Court hereby **GRANTS** Defendant's motion [Dkt. No. 23].

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." Although "the decision whether a default judgment should be set aside is one committed to the sound discretion of the trial court," Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980), the D.C. Circuit has instructed the district court to consider three factors in exercising that discretion: "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 373 (D.C.Cir.1980). See also Jackson, 636 F.2d at 836–37. Moreover, "the D.C. Circuit has made clear that [d]efault judgments are not favored by modern courts, and that, [g]iven the strong policies favoring the resolution of genuine disputes on their merits, a trial court's refusal to set aside an entry of default need not be glaring to justify reversal." Estate of Gaither ex

rel. Gaither v. District of Columbia, 653 F. Supp.2d 35, 40 (D.D.C. 2009) (citing Keegel, 627 F.2d at 374) (internal quotation marks omitted).

While Bush contends various actions by Aargon's counsel help prove Aargon's willfulness, Aargon itself contacted its outside counsel "[s]hortly after service . . . to assist them in a resolution of the suit." Def.'s Mot. 1. Subsequent events leading to the entry of default appear to have stemmed from outside counsel not pursuing his *Pro Hac Vice* admission "as diligently as he could have." Def.'s Reply 3. See also Richards Decl. ¶¶ 9–15. Yet, "the D.C. Circuit has consistently cautioned" that "[d]efault judgments were not designed as a means of disciplining the bar at the expense of the litigants' day in court." Estate of Gaither, 653 F. Supp. 2d at 41 (citing Jackson, 636 F.2d at 837). In fact, "the D.C. Circuit has made clear that it is reversible error to hold a client liable for the errors of his counsel in evaluating a motion to set aside default." Id. Thus, a lack of diligence by Aargon's counsel cannot establish Aargon's willfulness for the purpose of evaluating a motion to set aside default.

With respect to the second factor, prejudice to the plaintiff, "delay alone is not sufficient. Instead, courts look to tangible harms that may have resulted from the delay," such as loss of evidence or discovery difficulties. Shatsky v. Syrian Arab Republic, 795 F.Supp.2d 79, 83 (D.D.C. 2011) (citation omitted). Since "the motion to vacate [was] filed within two weeks of the entry of default, and a scheduling order allowing discovery to commence was issued only a week before Defendant moved to vacate the default," setting aside default in this case is unlikely to result in a loss of evidence or meaningful discovery difficulties. Def.'s Reply at 4. Consequently, setting aside default will not prejudice Bush.

Finally, with respect to the third factor, alleged defenses are meritorious "if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense." Keegel,

627 F.2d at 374 (internal quotation marks omitted).  In fact, even "somewhat broad and conclusory [defenses] . . . adequately meet the meritorious defense criterion for setting aside the default." Id. Aargon lists several affirmative defenses, including that "Plaintiff's Complaint fails to set forth a cause of action for which relief may be granted." Am. Answer at 8.  This defense alone passes the extremely low threshold outlined in Keegel.

The Court hereby directs the Clerk to accept Defendant Aargon Agency, Inc.'s Amended Verified Answer To Complaint [Dkt. No. 26-1] as filed.

**SO ORDERED.**

                                              CHRISTOPHER R. COOPER
                                              United States District Judge

Date:     July 28, 2014